Commonwealth ex rel. Likovich, Appellant, *v.*
Likovich.

Argued November 9, 1971. Before WRIGHT, P. J.,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CER-
CONE, JJ. (SPAULDING, J., absent).

*Thomas J. Terputac,* for appellant.

*Maury D. Nusbaum,* with him *August L. Sismondo,*
for appellee.

OPINION BY MONTGOMERY, J., December 13, 1971:
This is a habeas corpus proceeding brought by the
father of three girls, aged nine, six, and four, to secure
their custody from their mother, his divorced wife. Al-
though the lower court awarded custody of the children

to the mother, the record in this case presents a most difficult problem for the overwhelming weight of the evidence contained therein indicates that the mother, although 28 years old at the time of the hearing, has been unusually immature and irresponsible in her role as a mother to her children both before and at the time of the hearing.

The record discloses that the mother, while married to the petitioner-appellant, a sergeant in the regular United States Army Air Force, and living with him in the Republic of Panama, where he was stationed in 1968, began associating with a native Panamanian (Steve). When confronted with this situation, she demanded a divorce and to be returned to the United States alone and requested that her children remain in the care of her Panamanian maid. Her husband refused her requests but did arrange for her return with the children. This occurred in June of 1968, and thereafter appellant provided $225 per month for their support. The husband was unable to return to the United States until the summer of 1970.

After appellee's return to the United States, she maintained a home at various places in Westmoreland and Washington Counties, where she regularly entertained numerous male visitors; she permitted an unmarried couple to stay there; she slept with certain of her male visitors; she left the children with teenage baby-sitters while she visited bars and taverns, where she consumed intoxicants, returning home as late as four a.m.; she encouraged drinking in her various homes; she permitted minors to drink there; she became pregnant and delivered a child in June, 1970, which she abandoned in the hospital for 49 days; and finally she left it with tavern owner, Carl "Red" Barron, for adoption, refusing to name the father of the child; she became pregnant again in October, 1970, and

was in that condition at the time of her divorce, which was procured by her husband in December, 1970, and at the time of the hearing in this proceeding; she has named a minor, Ralph Lincavage, as the father of this child and promises to marry him as soon as he reaches the age of 21; and his parents violently object to the marriage and sought to break up this relationship, which existed from the time this boy was 19, when he started living with appellee.

Appellee's care of her children has been minimal, as her previously described actions might indicate. She has no means of support except from appellant and welfare.

We have no hesitancy in concluding that the environment reflected by the above summarization and in which these children have been maintained is not conducive to their welfare. It reflects an atmosphere of uncleanliness and sexual promiscuity. The lower court felt that appellee had mere moral lapses, which were in the past, and that she was now in control of herself and intent on restoring a normal home life by marrying Ralph Lincavage. With all due respect to the opinion of the hearing judge, we do not agree; and after a thorough and careful study of this record we are constrained to conclude that appellee's immaturity is existent, unrelenting, and reckless. A few weeks before the lower court hearing she admitted leaving her children with a baby sitter and stayed overnight with her lover in Maryland; and as late as the hearing before the lower court, she permitted herself to attempt to destroy the legitimacy of one of the subject children by asserting that appellant was not her father. In *Commonwealth ex rel. Holschuh v. Holland-Moritz*, 219 Pa. Superior Ct. 402, 281 A. 2d 729 (1971), we refused to permit an experiment that might have severely affected the welfare of two children. We will not permit a similar experiment in the present case.

On the other hand, we have an absent father who has been in service in various parts of the world,— Georgia, California, Panama, Viet Nam, and now on his way to Formosa, but nevertheless a father who loves his children and wishes to provide for them as well as his circumstances will permit. He offers the home of his parents as a temporary place of abode until he is better able to provide them a permanent home after his return from Formosa in 15 months. Appellant's parents are 52 and 54 and have raised five children. They own their own home in Finleyville, Washington County. It has six rooms and a bath, three of which are bedrooms. These parents are in good health and gainfully employed but Mrs. Likovich would give up her employment, which is caring for children, in order to care for her grandchildren.

The welfare of these three girls is our utmost consideration. *Commonwealth ex rel. Shipp v. Shipp,* 209 Pa. Superior Ct. 58, 223 A. 2d 906 (1966). Although the legal presumption that the best interest of a child of tender years is served by leaving it in the custody of the mother, *Commonwealth ex rel. Sissel v. Sciulli,* 216 Pa. Superior Ct. 429, 268 A. 2d 165 (1970), that presumption must fall in the face of evidence that the mother is guilty of unchaste or other improper conduct which is detrimental to the welfare of the child. *Commonwealth ex rel. Gifford v. Miller,* 213 Pa. Superior Ct. 269, 248 A. 2d 63 (1968). In the light of our prior conclusion that appellee is guilty of such conduct, she is not entitled to that presumption and must forfeit her right to the benefit of same.

Since matters of this nature are not constant or final and may be changed after hearing by the lower court, we have no hesitancy in reversing the order permitting the mother-appellee to retain custody and of awarding custody to the appellant-father, on condition

that he maintains the children in the home of his parents until his return from Formosa or the circumstances of the parties change.

Order reversed and custody of Nadine Joyce Likovich, JoAnn Louise Likovich, and Sara Margaret Likovich awarded to Rudolph J. Likovich, the appellant-father.