374 A.2d 1306

**Donald C. McGOWAN, Appellant,**

v.

**Barbara McGOWAN.**

Superior Court of Pennsylvania.

Argued April 11, 1977.
Decided June 29, 1977.

Harry J. Gruener, Pittsburgh, with him Litman, Litman, Harris & Specter, Pittsburgh, for appellant.

Edwin H. Beachler, III, Pittsburgh, with him Stephen C. Forbouck, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting custody of appellant's minor child to appellee, the natural mother, first, because the mother has a history of mental instability, and, second, because the court impermissibly relied on the "tender years" doctrine in making the award. We agree with appellant's second contention, and therefore, reverse the order of the lower court and remand for further proceedings.

On November 6, 1975, appellant, father of five year old Donald McGowan, Jr., commenced the instant action by filing a complaint in the Family Division of the Court of Common Pleas of Allegheny County. The lower court ordered the parties to appear on November 26, for a preliminary conference to determine whether the parents could resolve the dispute amicably. After the conference, the court scheduled an evidentiary hearing for February 18, 1976. The hearing was not held until July 12, 1976, because the parties continued unsuccessfully at attempt to settle the dispute without resort to trial. On September 8, 1976, the lower court denied appellant's petition for custody and awarded custody to appellee and her parents.

During the hearing, appellant testified as follows; he and appellee, who were divorced in 1974, had one child, Donald, born in 1971, after the birth, the mother became seriously depressed and had to be hospitalized. In 1972, she recovered

sufficiently to leave the hospital, to return to her husband and child, and to resume her college education. However, in 1974, after the parties separated, she was again hospitalized. During the next two years, her behavior was extremely erratic, requiring recommitment until March, 1976. The child resided with appellee's parents during her commitment to the hospital.

Appellee's medical evidence did not contradict appellant's assertions. However, one of appellee's treating psychiatrists testified in a deposition, which was admitted into evidence, that after appellee began lithium treatment, her behavior stabilized. He believed that appellee was well enough to be released from the hospital. Further, he stated: "Considering the mental condition at this point, I believe that she is totally able to care for her child, totally able, because I think that we have obtained a fair degree of remission from her symptoms and the flatness that she had in the affect was, although it wasn't absent, it was improved." In addition to medical testimony, appellee presented substantial evidence concerning the relationship between the child and appellee's parents, and her parents' ability to assist in caring for him in comfortable surroundings.

In his original brief in our Court, appellant argued that the tender years doctrine, relied upon by the lower court, is violative of equal protection and due process under the Fourteenth Amendment of the United States Constitution, and the Equal Rights Amendment to the Pennsylvania Constitution, Pa.Const., Art. I, § 28. In a supplemental brief, appellant contends that the Supreme Court's recent decision in *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977), requires that we reverse the order of the lower court and award custody to appellant.

In a plurality opinion, Justice NIX raised serious questions concerning the continued vitality of the tender years' doctrine:

"We also question the legitimacy of a doctrine that is predicated upon traditional or stereotypic roles of men and women in a marital union. Whether the tender years doc-

trine is employed to create a presumption which requires the male parent to overcome its effect by presenting compelling contrary evidence of a particular nature; *Commonwealth ex rel. Lucas v. Kreischer*, 450 Pa. 352, 299 A.2d 243 (1973); *Commonwealth ex rel. Logue v. Logue*, 194 Pa.Super. 210, 166 A.2d 60 (1960), or merely as a makeshift where the scales are relatively balanced; *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972); *Commonwealth ex rel. Veihdeffer v. Veihdeffer*, 235 Pa.Super. 447, 344 A.2d 613 (1975), such a view is offensive to the concept of the equality of the sexes which we have embraced as a constitutional principle within this jurisdiction. See Pa.Const., Art. I, § 28; *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). Courts should be wary of deciding matters as sensitive as questions of custody by the invocation of 'presumptions'. Instead, we believe that our courts should inquire into the circumstances and relationship of all the parties involved and reach a determination based solely upon the facts of the case then before the Court." We have recently noted that *Spriggs* has eliminated the doctrine, even as a procedural device in custody cases. *Commonwealth ex rel. Lee v. Lee*, 248 Pa.Super. 155, 374 A.2d 1365 (1977).[1]

■ In the instant case, the lower court considered numerous factors before it awarded custody to the mother. However, the court's opinion makes clear its heavy reliance on the tender years doctrine: ". . . [The Supreme Court] stated that in Pennsylvania, supported by the wisdom of the ages, it has long been the rule that in the absence of compelling reasons to the contrary, a mother has the right to the custody of her children over any other person, particularly so, where the children are of tender years: *Commonwealth ex rel. Lucas v. Kreischer*, 450 Pa. 352, [299 A.2d 243] (1973). In fact, that the best interests of children of tender

1. In *Lee*, we remanded the case because the lower court misapplied the law under both *Spriggs* and the tender years doctrine prior to *Spriggs*. Although we did not rely squarely on the *Spriggs* decision, we gave strong indication that in the proper case we would do so. We find that the instant appeal is such a case and, therefore, hold that Justice NIX's opinion in *Spriggs* is controlling.

years will be best served under a mother's guidance and control is one of the strongest presumptions in the law: *Commonwealth ex rel. Logue v. Logue*, 194 Pa.Super. 210, [166 A.2d 60] (1960)." This reliance is clearly misplaced in light of *Spriggs*. See also *Commonwealth ex rel. Tobias v. Tobias*, 248 Pa.Super. 168, 374 A.2d 1372 (1977); *Commonwealth ex rel. Cutler v. Cutler*, 246 Pa.Super. 82, 369 A.2d 821 (1977).

 Once we conclude that the lower court impermissibly relied on the tender years doctrine, we must determine the proper remedy. Appellant requests that we award custody of the child to him. That would be premature. It is well-settled that the paramount concern in a custody dispute between parents is the best interest of the child. *Commonwealth ex rel. Spriggs v. Carson*, supra; *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972); *Cochran Appeal*, 394 Pa. 162, 145 A.2d 857 (1958); *Commonwealth ex rel. Tobias v. Tobias*, supra. That the mother has had a history of emotional problems does not preclude a finding that the child's best interest requires that custody be awarded to the mother. The court must award custody on present conditions, rather than on consideration of past unfitness. *Commonwealth ex rel. Tucker v. Salinger*, 244 Pa.Super. 1, 366 A.2d 286 (1976).

Therefore, we reverse the order of the lower court and remand for further proceedings consistent with this opinion.

WATKINS, President Judge, and JACOBS, J., concur in the result.

VAN der VOORT, J., did not participate in the consideration or decision of this case.