388 A.2d 1082

**COMMONWEALTH of Pennsylvania ex rel. Leroy COX, Appellant,**

v.

**Donna Lee COX.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided July 12, 1978.

Charles B. Smith, West Chester, for appellant.

Lawrence H. Rudnick, Coatesville, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal arises from the lower court's order denying appellant's habeas corpus petition for custody of his four minor children and permitting custody to remain with the children's mother. Appellant contends that the best interests of the children require transfer of their custody to him. Because we are unable to exercise our appellate function on the present state of the record, we vacate the order of the lower court and remand for further proceedings.

Appellant and appellee were married August 18, 1966. The children of this marriage were born in 1967, 1969, 1971 and 1972. Appellant left the marital domicile in July, 1973, and the parties were divorced in September, 1974. The children have resided with their mother since the separation, and appellant pays fifty-five dollars per week toward their support.

The father testified at the hearing below that he currently resides with his present wife and their child, and his wife's two children from a prior marriage. He is employed as an electrician and also holds two part-time jobs. There is no indication in the record of his earnings, although his wages were being attached for support at the time of the hearing. He briefly mentioned in his testimony that appellee suffers from recurring blood clots in her legs, a condition necessitating that he care for the children during the mother's hospitalization. Appellant also testified that if he is awarded custody of the four children, he intends to add three bedrooms to his trailer.

The mother testified that she lives in a three bedroom trailer with the four children. Two children sleep in each of two bedrooms, and appellee and the man she lives with sleep in another. Appellee's sources of income are apparently public assistance and support from appellant. She testified that she has lived with three men since separation from her

husband, although several others have slept on the sofa in her trailer, and she intends to marry the man with whom she is currently living.

The court below received conflicting testimony concerning the condition of the children, and the trailer where they live. Two of appellee's neighbors testified that the children are always dirty and hungry, that they frequently wear the same unwashed clothing for long periods of time, and that appellee's trailer is filthy. Appellee's sister, however, testified that the children are well-fed and well-dressed, and appellee testified that the trailer is no longer infested with roaches.

There was also testimony at the hearing concerning molesting of one or more of the children by appellant's deceased father and another relative of appellant.

Finally, at the close of the hearing, the court below briefly questioned the children, one of whom expressed her desire to live with her mother, another of whom stated that she wants to live with her father. The other two children did not speak.

We have stated repeatedly that two requirements must be met in child custody cases: the record must be complete; and the trial judge's opinion must give us the benefit of a thorough analysis of the record. *Gunter v. Gunter*, 240 Pa.Super. 382, 390, 361 A.2d 307 (1976). Neither requirement was satisfied in the present case.

The record of proceedings below is incomplete for several reasons. First, there is almost no testimony as to the comparative financial situations of the parties. We know only that the mother receives public assistance and support payments, and that the father holds two or three jobs. Second, we have only one passing reference, by the father no less, concerning the mother's recurring health problem with her legs. In this case, we regard her physical condition as a relevant factor in determining her fitness to have custody and care of four children. Third, there is no disinterested testimony in the record concerning the respective living

environments of the parents. Only the father and his present wife testified as to the condition of their home, and although neighbors testified about the mother's home, that testimony concerned conditions existing long before the hearing, and is therefore of questionable relevance. In situations like the present case, an independent evaluation of both homes should be undertaken. Social welfare agencies can provide needed assistance to the courts in these cases. Finally, none of the children testified at the hearing. At the close of the hearing, the court and counsel addressed a few random questions to the children, and two of them responded briefly. As unquestionably the most interested parties to this proceeding, the children should have been given a fuller and more controlled opportunity to express themselves.

We do not intend the foregoing discussion to be either an imposition of guidelines to be followed in all child custody cases or a directive to the lower court as to procedure on remand. Rather, we are suggesting areas of explication and amplification to aid in the evaluation of the children's best interests, our paramount concern.

Turning now to the opinion of the lower court, we find little basis for the decision, and only the briefest discussion of the evidence. In fact, the only conclusion made by the court is that the mother's non-marital relationship has not been detrimental to the children. Furthermore, the court erroneously stated that the children were interviewed and expressed a desire to remain with their mother, when in fact only two of the children spoke, and each expressed a desire to be with a different parent. Finally, the court below relied on two cases in support of its determination that the best interest of the children would be served by awarding custody to the mother: *Gunter v. Gunter,* 240 Pa.Super. 382, 361 A.2d 307 (1976); and *Commonwealth ex rel. Gervasio v. Gervasio,* 188 Pa.Super. 95, 145 A.2d 732 (1958). This aspect of the opinion requires clarification in light of the fact that *Gervasio* relied on the tender years doctrine and *Gunter* was decided before *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977), and *McGowan v. McGowan,* 248 Pa.Super. 41, 374 A.2d 1306 (1977).

While we regret that we cannot resolve the questions raised in this appeal, particularly since more than one year has elapsed from the time the petition was filed, we cannot discharge our appellate responsibility in good conscience on the record before us, and must therefore remand. *See Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Super. 144, 331 A.2d 665 (1974).

This disposition, however, is not intended as any indication of who should have custody of the children; we express no opinion in that respect. Rather, we only require that there be sufficient evidence on the record to support the decision of the hearing court. Accordingly, the order of the court below is vacated and the case remanded for further proceedings consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.