393 A.2d 885

**Anthony J. VALENTINO, Appellee,**

v.

**Kathleen VALENTINO, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1977.

Decided Oct. 20, 1978.

Reversed and remanded.

Edward Benoff, Philadelphia, with him Charles J. Geffen, Philadelphia, for appellant.

Ronald A. Blumfield, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is a child custody case. The contending parties are the father and mother of a boy born in March of 1976. The lower court awarded custody to the father.

The father is living with his parents and two brothers and three sisters. The mother is living with a married couple and their daughter. On the one side, the father and his parents testified; on the other, only the mother.

The record suggests that a social worker for the court examined the home where the mother was living, and submitted a report to the court. However, the report does not appear of record, and the social worker did not testify.

This court has repeatedly emphasized that the lower court must have a complete record, which should if possible include disinterested testimony, and must file a comprehensive opinion giving us the benefit of a thorough analysis of that record. *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974); *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973). Here, at the least, there should have been testimony by the social worker and by the husband or wife of the couple with whom the mother was living.

The order of the lower court is reversed and the case remanded for further proceedings consistent with this opinion.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.