408 A.2d 883

**Patricia R. RUPP**

v.

**David G. RUPP, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 10, 1979.

Dean L. Foote, Allentown, for appellant.

Robert M. Davison, Bethlehem, for appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

CERCONE, President Judge:

This is an appeal from the order of the Court of Common Pleas of Northampton County awarding custody of David Rupp, a minor, to his natural mother, Patricia Rupp. Appellant, David G. Rupp, appealed to this court seeking reversal of the custody award. We reverse and remand due to an inadequate record.

Appellant, David G. Rupp, and appellee, Patricia Rupp, are the natural parents of Richard Rupp, a child of seven years at the time of the custody hearing and the subject of this custody appeal. The parties were married in 1968 and separated in October, 1977 when Mrs. Rupp moved from the marital domicile, taking Richard with her. An amicable visitation schedule was operating between the parties until Patricia filed a petition to confirm custody in herself. David then refused to return the child to Patricia and the hearing was held awarding custody to Patricia.

■ Our standard of review in custody cases is of the broadest type. "Although the hearing court, as fact-finder, must determine the weight to be given the testimony and the credibility of the witnesses, its finding must be supported by competent evidence." (Citations omitted.) *Commonwealth ex rel. Myers v. Myers*, 468 Pa. 134, 137, 360 A.2d 587, 588 (1976). The sole issue in custody cases is the best interests of the child. Act of June 26, 1895, P.L. 316, § 2, 48 P.S. § 92 (1965); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976). Therefore, we must decide whether the lower court's decision, finding the best interests of the child are served by granting custody to the mother, is supported by the evidence.

■ The lower court must afford the appellate court a complete record and an opinion that presents a thorough analysis of that record. *Gunter v. Gunter*, supra. Although the record in the instant case is a scant 63 pages, it reveals facts of importance that the lower court did not mention in its opinion. In light of that, we must remand to the lower court.

The testimony revealed that the mother lived in a three bedroom apartment with Richard and three other children, ages 14, 12 and 11, from several prior marriages. She was home all day to care for Richard because she had been unemployed since 1977. She said she never took the child to church because his father had him on the weekends. All testimony indicated she was a good housekeeper. When Richard resided with his mother, he attended a school where he was placed back to repeat first grade. Finally, Patricia admitted to having a meretricious relationship with Donald Sheetz, a man who stayed with her at her apartment several times per week. Mr. Sheetz held a past criminal record but had not been charged with any offenses for 1½ years prior to the hearing. Mr. Sheetz testified that he got along well with Richard, although no other evidence was presented as to the effect of this relationship on Richard.

In comparison, David Rupp lived in a modular, three-bedroom home on an acre of land. For the greater part of his marriage and cohabitation with Patricia, he had worked as a truck driver earning between $12,000 to $15,000 per year. That occupation caused him to be away from the home for a week at a time, so David quit that job and was hired as a door-to-door salesman with regular working hours. He had not begun his new job at the time of the hearing but said he had hired a full time babysitter and housekeeper to be with Richard at any time he needed her. Since David attended school, the housekeeper would only be tending to Richard at lunchtime, if Richard came home for lunch, and after school, none of which evidence was investigated in the record before us. The record also does not consider what Patricia's visitation rights could be during weekdays since she does not work. There was testimony, however, that David was a fit parent and that his mother and sister came by his home and cleaned it thoroughly once each week. David took his son to Sunday School each weekend and Richard remained in the second grade at the school which he attended while living with his father.

Based on this evidence, the lower court concluded that both parents were fit but that the best interests of Richard would be served by granting custody to Patricia. The court commented that, while it did not condone her meretricious relationship, neither was that fact sufficient to disqualify her from custody. The final conclusion of the court was based on the fact that Richard would be able to live with his half brothers and sisters and have full time care from Patricia as opposed to "somewhat tenuous babysitting arrangements."

Although the lower court was correct in concluding the meretricious relationship was only one factor to be considered in the custody award, *Commonwealth ex rel. Myers v. Myers*, 468 Pa. at 138, 360 A.2d 587, the court did not analyze any of the effects the relationship might have on Richard, a necessary consideration in correctly determining Richard's best interests. *Id.*; *Commonwealth ex rel. Burke v. Birch*, 169 Pa.Super. 537, 83 A.2d 426 (1951). The relationship was not necessarily a steady, familial one that might be considered a "durable de facto relationship," *Commonwealth ex rel. Staunton v. Austin*, 209 Pa.Super. 187, 194, 223 A.2d 892 (1966); see also *Commonwealth ex rel. Sorace v. Sorace*, 236 Pa.Super. 42, 44–45, 344 A.2d 553 (1975). Instead, it was more transient, and might be considered less beneficial to the child. See *Commonwealth ex rel. Likovich v. Likovich*, 220 Pa.Super. 202, 287 A.2d 156 (1971); *Commonwealth ex rel. Burke v. Birch*, supra. Without further inquiry by the lower court, we could only speculate on the effect this relationship may have on Richard.

Additionally, there was no disinterested testimony to confirm or refute the fitness of each parent's premises; no one testified from Richard's schools or church; no psychiatrist or psychologist examined Richard or the parents; no one confirmed David's new employment and babysitting arrangements; and Richard was not consulted concerning his preferences. A lack of considering these factors has been grounds for remand. *Gunter v. Gunter*, supra. A custody decision is a most serious one and may not be summarily

rendered. Accordingly, we find it necessary for a more thorough analysis to take place to more clearly delineate the best interests of Richard.

Order reversed and case remanded.