278 Pa. Superior Ct. 25 (1980)
419 A.2d 1337
J.F.G., Appellant,
v.
K.A.G., n/b/m K.A.K.
Superior Court of Pennsylvania.
Submitted November 16, 1979.
Filed May 16, 1980.
*26 Joseph F. Giannamore, in pro. per.
Jess S. Juiliante, Jr., Erie, for appellee.
Before SPAETH, HOFFMAN and VAN der VOORT, JJ.
*27 PER CURIAM:
This is an appeal from the lower court's denial of a father's petition for custody of his three minor daughters. The lower court awarded custody of the girls, Angela, age six, Lisa, age four, and Noel, age three, to their natural mother.[1]
A hearing was held on March 30, 1979. The evidence on record is very sparse; indeed, the entire hearing transcript covers but twenty-five pages, and of those, only nineteen contain testimony. From the little evidence we have it appears that the father and mother had been married and that the three girls were the only children born of the marriage. After the father and mother were divorced, custody was in the mother with visitation rights in the father. At the time of the hearing the father, who had not remarried, was living with his parents in their home. The only evidence he offered concerning the living conditions was that the girls would have one large and one small bedroom for themselves. Although he indicated that his mother would care for the girls while he was at work, he did not call either his mother or his father to testify at the hearing. The girls' mother had remarried after the divorce and had had a child by her new husband. Her testimony was no fuller than the father's, and she did not call her new husband to testify in her behalf. The major portion of the testimony presented by both parties concerned their disagreement concerning the girls' religious training, television viewing habits, and belief in Santa Claus and the Easter Bunny.[2]
*28 In Lewis v. Lewis, 267 Pa.Super. 235, 406 A.2d 781 (1979), this court described the respective duties of the lower court and the appellate court in child custody cases as follows:
It is settled that the paramount concern in a child custody proceeding is to determine what is in the best interests of the child. Commonwealth ex rel. Parikh v. Parikh, 449 Pa. 105, 296 A.2d 625 (1972); Sipe v. Shaffer, 263 Pa.Super. 27, 396 A.2d 1359 (1979). In a contest between parents, each party bears the burden of proving that an award to that party would be in the best interests of the child. In re Custody of Hernandez, 249 Pa.Super. 274, 376 A.2d 648 (1977). The award must be based on the facts of record and not on mere presumptions; in particular, the tender years presumption is no longer recognized, Sipe v. Shaffer, supra; McGowan v. McGowan, 248 Pa.Super. 41, 374 A.2d 1306 (1977).
In order to ensure that the best interests of the child will be served, the appellate court will engage in a comprehensive review of the record. Scarlett v. Scarlett, 257 Pa.Super. 468, 390 A.2d 1331 (1978); In re Custody of Myers, 242 Pa.Super. 225, 363 A.2d 1242 (1976). Thus, while it will defer to the lower court's findings of fact, the appellate court will not be bound by the deductions or the inferences made by the lower court from those facts, but will make an independent judgment based upon its own careful review of the evidence. Sipe v. Shaffer, supra; Scarlett v. Scarlett, supra. In conducting this review, the appellate court will look to whether all the pertinent facts and circumstances of the contesting parties have been fully explored and developed. See Sipe v. Shaffer, supra; Gunter v. Gunter, 240 Pa.Super. 382, 361 A.2d 307 (1976). It is the responsibility of the lower court to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself. See Commonwealth ex rel. Cox v. Cox, 255 Pa.Super. 508, 388 A.2d 1082 (1978). After fulfilling this responsibility to ensure a complete record, the court must file a comprehensive opinion containing *29 its findings and conclusions. See Valentino v. Valentino, 259 Pa.Super. 395, 393 A.2d 885 (1978); Gunter v. Gunter, supra. Only with the benefit of a full record and full opinion can the appellate court hope to fulfill its responsibility of conducting its own careful review. Valentino v. Valentino, supra. Where the record is incomplete or the opinion of the lower court is inadequate, the case will be remanded. See Valentino v. Valentino, supra; Commonwealth ex rel. Forrester v. Forrester, 258 Pa.Super. 397, 392 A.2d 852 (1978); Commonwealth ex rel. Cox v. Cox, supra.

267 Pa.Super at 240-241, 406 A.2d at 783-84.
In the present case the lower court failed in its duty to ensure that the record was complete. First, it was crucial that the father's parents and the mother's new husband should testify, for the girls would have to share the house with one or the other, and without such testimony the lower court could not make a valid comparison of those persons' respective attitudes toward the girls and ability to care for them. Summers v. Summers, 273 Pa.Super. 285, 294, 417 A.2d 651, 655-656, citing, Commonwealth ex rel. Schwarz v. Schwarz, 252 Pa.Super. 95, 380 A.2d 1299 (1977). Second, the lower court received no testimony from any disinterested source, nor did it have any testimony from any social worker or other investigator concerning the living conditions of the parties and their respective homes. See Summers v. Summers, supra; Lewis v. Lewis, supra (collecting cases). Finally, certain statements made by the lower court at the hearing and in its opinion indicate that rather than relying on a full record, it may have relied on the tender years doctrine.[3] If the court did rely on that doctrine, it committed *30 error, for "the tender years presumption is no longer recognized." Lewis v. Lewis, supra at 267 Pa.Super. 240, 406 A.2d at 783, citing, Sipe v. Shaffer, supra.
Thus the order of the lower court must be reversed and the case remanded for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] The docket entries attached as part of the record filed with this court indicate that the parties had previously appeared before the lower court concerning custody and visitation but had apparently entered into a consent decree awarding custody to the mother. The record does not demonstrate whether on this previous appearance a full hearing was held, and it has not been suggested that the prior decree in any way controlled the custody question or that the father here had to show changed circumstances. See Commonwealth ex rel. Hickey v. Hickey, 216 Pa.Super. 332, 264 A.2d 420 (1970).
[2] The father did not want the girls to believe in such things. N.T. at 15, 19, 21.
[3] The lower court made the following comments during the hearing:

THE COURT: Well, I don't want to go into your theological thinking. I want to know why you think that you, as a man, should have three children of tender years instead of the mother because, you know, I think that the Court is almost bound to give children of tender years to the mother unless there is something terribly wrong with her. Why is it you think that you should have these children in custody rather then their mother?
A. I believe that  that we are both parents and we should be evaluated as persons, not as a mother or a father. I don't personally agree with the idea that a mother is necessarily the best influence on children of young years. I believe most of their attitudes will be formed by the time they are seven and eight years old and I just can't agree with that. That is completely contrary to 
THE COURT: Well, it doesn't matter whether you agree with it or not, it's the Law and I'm bound by it.
N.T. at 11.
In its opinion the lower court stated:
The Court did express the opinion that children of tender years should be in the custody of the mother "unless there is something wrong with her" (page 11 of Testimony) and although that is not absolute law anymore, I do tend toward that view in this case.
Lower Court Opinion at p. 3.