439 A.2d 737

**Mary Lee BEICHNER**

v.

**Keith James BEICHNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 30, 1981.

Filed Jan. 5, 1982.

Joseph T. Strong, Clarion, for appellant.

Ralph L. S. Montana, Clarion, for appellee.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

CAVANAUGH, Judge:

This is an appeal from the grant of demurrer to the evidence in a Habeas Corpus proceeding maintaining custody of a minor child with the appellee mother.

On September 8, 1980, a summary hearing was held by the Court of Common Pleas of Clarion County on appellee's petition to confirm custody. On September 9, 1980, the court entered an order confirming custody of the child in the appellee. On September 11, 1980, appellant filed a Petition for Writ of Habeas Corpus. On November 4, 1980, a full hearing was to have been held by the court on the Habeas Corpus Petition for custody of the parties' minor son, Keith James Beichner, Jr. Upon completion of appellant's case, appellee's counsel demurred to the evidence and requested that the petition be dismissed. Appellant objected to the demurrer but the court deferred its ruling. On November 13, 1980, the court below dismissed appellant's Habeas Corpus Petition, sustaining appellee's demurrer to the evidence. This appeal followed.[1]

The standard on appellate review of child custody cases was set forth in *Lewis v. Lewis*, 267 Pa.Super.Ct. 235, 406 A.2d 781 (1979), as follows:

It is settled that the paramount concern in a child custody proceeding is to determine what is in the best interests of the child. *Commonwealth ex rel. Sipe v. Shaffer*, 263 Pa.Super.Ct. 27, 396 A.2d 1359 (1979). In a contest between parents, each party bears the burden of proving that an award to that party would be in the best

1. In light of our disposition of this case, we need not answer appellant's argument that, in light of *Lewis*, a demurrer would never be appropriate in a Habeas Corpus involving child custody.

interests of the child. *In Re Custody of Hernandez,* 249 Pa.Super.Ct. 274, 376 A.2d 648 (1977). The award must be based on the facts of the record and not on mere presumption: in particular, the tender years presumption is no longer recognized, *Sipe v. Shaffer, supra; McGowan v. McGowan,* 248 Pa.Super. 41, 374 A.2d 1306 (1977).

In order to ensure that the best interests of the child will be served, the appellate court will engage in a comprehensive review of the record. *Scarlett v. Scarlett,* 257 Pa.Super.Ct. 468, 390 A.2d 1331 (1978); *In re Custody of Myers,* 242 Pa.Super.Ct. 225, 363 A.2d 1242 (1976). . . . In conducting this review, the appellate court will (should) look to whether all the pertinent facts and circumstances of the contesting parties have been fully explored and developed. *See Sipe v. Shaffer, supra; Gunter v. Gunter,* 240 Pa.Super.Ct. 382, 361 A.2d 307 (1976). It is the responsibility of the lower court to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself. *See Commonwealth ex rel. Cox v. Cox,* 255 Pa.Super.Ct. 508, 388 A.2d 1082 (1978). . . . Only with the benefit of a full record and full opinion can the appellate court hope to fulfill its responsibility of conducting its own careful review. *Valentino v. Valentino,* 259 Pa.Super.Ct. 395, 393 A.2d 885 (1978). *Where the record is incomplete or the opinion of the lower court is inadequate, the case will be remanded. See Valentino v. Valentino, supra; Commonwealth ex rel. Forrester v. Forrester,* 258 Pa.Super.Ct. 397, 392 A.2d 852 (1978); *Commonwealth ex rel. Cox v. Cox, supra.* (Emphasis added).

*Id.,* 267 Pa.Super. at 239–241, 406 A.2d at 783–784.

Appellant argues that the lower court erred in failing to inquire into the circumstances and fitness of each of the parties. We agree and remand to the lower court for further proceedings consistent with this opinion.

In *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977), the Pennsylvania Supreme Court held

that the "tender years presumption" no longer exists given the enactment of the Equal Rights Amendment to the Pennsylvania Constitution, Pa.Const., art. I (1974). The court stated that:

> Whether the tender years doctrine is employed to create a presumption which requires the male parent to overcome its effect by presenting compelling contrary evidence of a particular nature; *Commonwealth ex rel. Lucas v. Kreischer*, 450 Pa. 352, 299 A.2d 243 (1973); *Commonwealth ex rel. Logue v. Logue*, 194 Pa.Super. 210, 166 A.2d 60 (1960) or merely as a makeshift where the scales are relatively balanced; *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972); *Commonwealth ex rel. Veihdeffer v. Veihdeffer*, 235 Pa.Super. 447, 344 A.2d 613 (1975), such a view is offensive to the concept of the equality of the sexes which we have embraced as a constitutional principle within this jurisdiction. See Pa.Const., art. I, § 28; *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). Courts should be wary of deciding matters as sensitive as questions of custody by the invocation of "presumptions". *Instead, we believe that our courts should inquire into the circumstances and relationships of all the parties involved and reach a determination based solely upon the facts of the case then before the court.* (Emphasis added).

*Id.,* 470 Pa. at 299–300, 368 A.2d at 639–640. *See also Ellerbe v. Hooks*, 490 Pa. 363, 416 A.2d 512 (1980); *Commonwealth ex rel. Weber v. Weber*, 272 Pa.Super. 88, 414 A.2d 682 (1979).

In *In Re Custody of Hernandez, supra,* our court then reasoned that, in light of *Carson, supra:*

> The burden of proof is shared equally by the contesting parents; thus, the hearing judge awards custody according to what the preponderance of the evidence shows. By virtue of each having joined in creating the child, each parent is regarded as having an equal interest in the

child's welfare. The state functions as arbiter, in the person of the hearing judge, rather than as interested participant.

*Id.,* 249 Pa.Super. at 280–281, 376 A.2d at 651–652. *See also Ellerbe v. Hooks, supra; McCann v. McCann,* 270 Pa.Super. 171, 411 A.2d 234 (1979). Therefore, *each party* bears the burden of proving that custody in that party is in the best interests of the child. (Emphasis added).

■ In the present case, the record and the opinion of the court below are insufficient to determine that custody by the appellee in the best interests of the child. No evidence whatsoever[2] was presented to the trial court to support its conclusion that the child's interests would be better served by the appellee. Since the appellee failed to sustain her equal burden of proof under *Hernandez,* the lower court erred in failing to make a comprehensive inquiry to develop an adequate record. *Cox, supra.* Since the scope of our review cannot be fulfilled unless "all the pertinent facts and circumstances of the contesting parties have been fully explored and developed," *Sipe v. Shaffer, supra; L. D. v. B. D.,* 291 Pa.Super. 589, 436 A.2d 657 (1981), we must remand this case to the lower court for proceedings to determine the fitness of each party requesting custody of the child, *Valentino v. Valentino, supra.*

Order Vacated and case remanded for further proceedings, consistent with this opinion.

Upon completion of those proceedings, a new appeal may be taken as provided by law.

2. The record lacks any evidence that the appellee is better able to care for the child. *Valentino v. Valentino,* supra, required that disinterested testimony (in that case, a social worker) be heard on remand. The testimony that appellant presented was insufficient to prove that appellee's custody of the child would be in his best interests.