422 A.2d 1157

**COMMONWEALTH of Pennsylvania, In the Interest of Krista ROLES, a Minor.**

**Appeal of Wade ROLES and Jennifer Roles, Parents and Natural Guardians of Krista Roles, and In Their Own Right.**

Superior Court of Pennsylvania.

Submitted April 15, 1980.

Filed Nov. 26, 1980.

John D. Gibson, Johnstown, for appellants.

Dennis R. Govachini, Assistant Public Defender, Ebensburg, submitted a brief on behalf of Krista Roles, appellee.

Charles Getty, Ebensburg, submitted a brief on behalf of Cambria County, appellee, participating party.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Appellants, parents of Krista Roles (a minor), appeal the trial court's award of Krista to appellee Cambria County Children and Youth Services. We vacate the order and remand the cause.

The scope of appellate review in custody matters is quite broad. *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977); *Commonwealth ex rel. Myers v. Myers*, 468 Pa. 134, 360 A.2d 587 (1976); *Custody of Neal*, 260 Pa.Super. 151, 393 A.2d 1057 (1978).

> Although we will not usurp the fact–finding function of the trial court, we are not bound by deductions or inferences made by the hearing judge from the facts as found. *Trefsgar v. Trefsgar*, [261] Pa.Super. [1], 395 A.2d 273 (1978); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973). Because of the Commonwealth's legitimate and overriding concern for the well–being of its children, we are required to render an independent judgment based on the evidence and testimony and make such order on the merits of the case as to effect a just result. *Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1977); *Commonwealth ex rel. Zeedick v. Zeedick*, 213 Pa.Super. 114, 245 A.2d 663 (1968). So as to facilitate this broad review, we have consistently emphasized that the hearing court must provide us not only with a complete record, *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974), but also with *a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision.* *Martincheck v. Martincheck*, [262] Pa.Super. [346], 396 A.2d 788 (1979); *Tobias v. Tobias*, 248 Pa.Super. 168, 374 A.2d 1372 (1977); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976).

*Custody of White*, 270 Pa.Super. 165, 167–168, 411 A.2d 231, 232–33 (1979) (emphasis added).

Generally speaking, child custody cases may be divided into three classes. The first class comprises those cases in

which the dispute is between the parents of the child; the second class, those in which the dispute is between the parents, or a parent of the child and a third party; and the third, those in which the dispute is between the parents, or a parent, of the child and the state. *Each class of cases must be decided by a different legal principle.*

. . . . .

When the dispute is between the parents, or a parent, and the state, the Juvenile Act controls.[1] Typically, the proceedings will be initiated by a social welfare agency filing a petition under the Act, asking the court to declare the child "deprived", [sic] and to order the child separated from its parents. In its opening provisions, the Juvenile Act provides that its fundamental purpose is "[t]o preserve the unity of the family whereever possible . . . [.]" 11 Pa.C.S. § 50–101(b)(1), and a child who has been adjudicated "deprived" may be separated from its parents only upon a showing of clear necessity." *In re: La Rue,* 244 Pa.Super. 218, 366 A.2d 1271 (1976); *Stapleton v. Dauphin County Child Care Service,* 228 Pa.Super. 371, 324 A.2d 562 (1974); *Rinker Appeal,* 180 Pa.Super. 143, 117 A.2d 780 (1955). *And see In re: Adoption of R.I.,* 468 Pa. 287, 361 A.2d 294 (1976). Thus the situations in which the state may intervene are limited and its burden is very heavy. These restrictions derive from the convictions that the family is one of our most important institutions, that a child's best interest is served by being raised within the family, and that the state should not unnecessarily intrude upon, and thereby weaken, the family.

---

[1] Act of December 6, 1972, P.L. 1464, No. 333, 11 Pa.C.S. § 50–101 *et seq.* (Supp.1976).

*Custody of Hernandez,* 249 Pa.Super. 274, 278–80, 376 A.2d 648, 650–51 (1977) (emphasis added).

■ The opinion of the lower court in the case before us is quite brief, barely exceeding one page. The testimony of one witness, a physician, is summarized in four short sentences; that of five others, in the one–sentence assertion that it was "clear." Krista's mother's testimony, which the

court found "most disturbing," is described, in three sentences, only in the most conclusory fashion. The ninth and final sentence in the court's analysis states only that "[t]he evidence in its totality was overwhelming regarding Krista's lack of progress with the parents and the presence of progress when not in their care."

We are unable to determine, because of the complete absence of discussion of the issue, whether the hearing court applied the correct legal principle in this custody dispute between the parents and the state. The lower court's opinion is likewise barren of the court's assessment, required by precedent, *see Custody of White, supra*, 270 Pa.Super. at 170, 411 A.2d at 233, of the witnesses' credibility.

> While we might review the record and reach a conclusion without the benefit of a proper analysis by the lower court, . . . [w]e are loath to pass judgment on something as precious and intrinsically valuable as a child's welfare without every possible piece of information bearing on the subject. It is for this reason that we demand a full record and a probing analysis thereof. Instantly, the opinion we are presented with renders it impossible to effect a just result.

*Id.*, 270 Pa.Super. at 170, 411 A.2d at 234 (footnote omitted).

The order of the Court below is vacated and the cause remanded for entry of a full opinion, in accordance with the law. Following the filing of such opinion any party may take a new appeal, as provided by law.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

We are required to render an independent judgment *based on the evidence and testimony* and make such order on the merits of the case as to effect a just result. In my opinion, the Honorable Caram J. Abood has provided us with a complete record and an adequate Opinion setting forth the specific reasons for the court's ultimate decision. *In re custody of White*, 270 Pa.Super. 169, 411 A.2d 231 (1979).

I would affirm the order of the lower court.