438 A.2d 614

**Patricia L. RAY, Appellant,**

v.

**Terry T. RAY.**

Superior Court of Pennsylvania.

Argued April 13, 1981.

Filed Oct. 9, 1981.

Reargument Denied Jan. 21, 1982.

Patricia L. Ray, Freeport, appellant, in pro. per.

Terry T. Ray, Pittsburgh, did not file a brief on behalf of appellee, in pro. per.

Before CAVANAUGH, JOHNSON and SHERTZ, JJ.

SHERTZ, Judge:

This is an appeal from an order awarding custody of two minor children, Jacques Baer Ray and Molly Elizabeth Ray, to appellee-father. Appellant-mother contends the trial court erred in several respects. We are, however, unable to address the merits of this appeal and remand for further proceedings consistent with this opinion.

The record reveals that the order in question, the third relating to the custody of these children, was issued on October 25, 1977. Appellant's timely notice of appeal was filed on November 20, 1977. For reasons which are somewhat unclear,[1] argument was delayed until April 13, [1981]. This appeal, therefore, is from an order and a record which are more than three years old.

■ It is axiomatic that a custody determination has, as its paramount consideration, the best interests of the children. *Gerald G., Jr. v. Theresa G.,* 284 Pa.Super. 498, 426 A.2d 157 (1981); *Jones v. Floyd,* 276 Pa.Super. 76, 419 A.2d 102 (1980). In considering the custody order of a lower court, the scope of review by this court is of the broadest type. *Garrity v. Garrity,* 268 Pa.Super. 217, 407 A.2d 1323 (1979). Such review, to be meaningful, must be predicated upon a record which is complete and a trial court opinion which is comprehensive. *Lewis v. Lewis,* 267 Pa.Super. 235, 406 A.2d 781 (1979). In this instance, the record is stale, thereby incomplete, making a meaningful review by this Court impossible.

■ Because of deficiencies in the record we remand with the following instructions. The lower court shall allow introduction of any additional evidence pertinent to the issue of custody. Such evidence shall include, but shall not be limited to, the present living conditions of each party, the effect on the children of a change in custody at this junc-

---

1. At oral argument appellant-mother, an attorney representing herself, stated the Prothonotary's Office of Allegheny County was repeatedly unable to assemble the requisite record for appeal.

ture, and any other circumstances reflective of a change in the children's best interests since the hearing of October, 1977. In addition, the trial court shall file a comprehensive opinion demonstrating a thorough analysis of the record and the specific rationale for its ultimate conclusion. In so doing the trial court shall address the fitness of the parties, the credibility of the witnesses, the home surroundings of the parties and the care and condition of the children. *Gerald G., Jr. v. Theresa G.*, 284 Pa.Super. 498, 509, 426 A.2d 157, 162 (1981) (Brosky, J., concurring). The testimony of the children, when interviewed, shall be transcribed, and the trial court shall make findings as to the children's competence to testify, their preference, and the appropriate weight to be given such testimony. *Gerald G., Jr.*, 284 Pa.Super. at 507–508, 426 A.2d at 161. In the interim the children shall remain in the custody of their father.

Order vacated and remanded for proceedings in accordance with this opinion. This Court does not retain jurisdiction.

CAVANAUGH, J., concurs in the result.