449 A.2d 707

**In re Joann BENNAGE and Pauline Bennage and Minor Children.**

**Appeal of Kenneth BENNAGE.**

Superior Court of Pennsylvania.

Submitted March 23, 1981.

Filed Aug. 20, 1982.

Joseph A. Campagna, Jr., Sunbury, for appellant.

Raymond Lobos, Mifflinburg, for appellee.

Before CERCONE, President Judge, and WIEAND and LIPEZ, JJ.

CERCONE, President Judge:

Appellant is the natural father of two minor children, Joann and Pauline. They are not only the objects of his affection but also the objects of this appeal, for it involves a dispute over their custody. They were adjudicated dependent in November of 1973 and placed in the custody of Union County Child Welfare Services. In January of 1980 appellant filed a petition to resume custody of his children.[1] A hearing on the petition was held on February 13, 1980. The court denied the petition the same day. This timely appeal followed.[2] For the reasons stated below we now vacate the order appealed and remand for further proceedings below.

Appellant argues that the court erred when it did not apply the "clear necessity" standard as set out in the Juve-

---

1. The children's mother has not participated in the instant litigation, and the record is essentially silent as to her.

2. This case was reassigned to this writer on March 23, 1982.

nile Act,[3] but rather decided the case on the "best interest of the child" standard. We cannot accept appellant's contention as correct. It has been clear for some time that in cases such as this one the proper test to apply is the "best interests" test. As Judge Hoffman cogently stated in a recent opinion:

The "clear necessity" standard is designed to ensure that family unity is preserved "whenever possible." 42 Pa.C.S.A. § 6301(b)(1) and (3).

However, once the child has been taken from the parents, the court will appraise the evidence, and award custody, according to the child's *best interests.* In applying this standard the court will recognize the natural parents' claim to custody. In a given case this claim may prove of decisive weight; the particular circumstances of each case, including such facts as the length of time the child has been separated from the parents, must be taken into account.

*Stapleton v. Dauphin County Child Care Service,* 228 Pa.Super. 371, 391, 324 A.2d 562, 572 (1974) (emphasis added).

As we noted in *Stapleton, supra,* "the natural parents' claim to custody" is a significant, and sometimes decisive factor in custody disputes such as this one. Indeed, our cases have long recognized "that depriving a parent of [his or] her child is one of the most serious interferences that the state can impose on an individual." *Milligan v. Davison,* 244 Pa.Super. 255, 261, 367 A.2d 299, 302 (1976). *See also In re William L.,* 477 Pa. 322, 383 A.2d 1228 (1978); *Commonwealth ex rel. Children's Aid Society v. Gard,* 362 Pa. 85, 66 A.2d 300 (1949); *In the Interest of LaRue,* [244 Pa.Super. 218, 366 A.2d 1271 (1976) (plurality opinion)]; *Rinker Appeal,* 180 Pa.Super. 143, 117 A.2d 780 (1955).

**3.** Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended; 42 Pa.C.S. § 6301 et seq. *See specifically* 42 Pa.C.S. § 6301(b)(1) & (3). And see *In the Interest of S.M.S.,* 284 Pa.Superior Ct. 9, 424 A.2d 1365 (1981); *In the Interest of Pernishek,* 268 Pa.Superior Ct. 447, 408 A.2d 872 (1979).

*In re Donna W.*, 284 Pa.Superior Ct. 338, 343–344, 425 A.2d 1132, 1134–35 (1981).

■ We come now to the scope of appellate court review of child custody cases. In *Lewis v. Lewis*, 267 Pa.Superior Ct. 235, 406 A.2d 781 (1979) we said:

> In order to ensure that the best interests of the child will be served, the appellate court will engage in a comprehensive review of the record. *Scarlett v. Scarlett*, 257 Pa.Super. 468, 390 A.2d 1331 (1978); *In re Custody of Myers*, 242 Pa.Super. 225, 363 A.2d 1242 (1976). Thus, while it will defer to the lower court's findings of fact, the appellate court will not be bound by the deductions or the inferences made by the lower court from those facts, but will make an independent judgment based upon its own careful review of the evidence. *Sipe v. Shaffer, supra* [263 Pa.Superior Ct. 27, 396 A.2d 1359 (1979)]; *Scarlett v. Scarlett, supra.* In conducting this review, the appellate court will look to whether all the pertinent facts and circumstances of the contesting parties have been fully explored and developed. See *Sipe v. Shaffer, supra; Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976). It is the responsibility of the lower court to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself. *See Commonwealth ex rel. Cox v. Cox*, 255 Pa.Super. 508, 388 A.2d 1082 (1978). After fulfilling this responsibility to ensure a complete record, the court must file a comprehensive opinion containing its findings and conclusions. *See Valentino v. Valentino*, 259 Pa.Super. 395, 393 A.2d 885 (1978); *Gunter v. Gunter, supra.* Only with the benefit of a full record and full opinion can the appellate court hope to fulfill its responsibility of conducting its own careful review. *Valentino v. Valentino, supra.* Where the record is incomplete or the opinion of the lower court is inadequate, the case will be remanded. See *Valentino v. Valentino, supra; Commonwealth ex rel. Forrester v. Forrester*, 258 Pa.Super. 397, 392 A.2d 852 (1978); *Commonwealth ex rel. Cox v. Cox, supra.*

*Id.,* 267 Pa.Superior Ct. at 240–241, 406 A.2d at 783–784. See also *Ray v. Ray,* 293 Pa.Superior Ct. 216, 438 A.2d 614 (1982); *Beichner v. Beichner,* 294 Pa.Superior Ct. 36, 439 A.2d 737 (1982); *Commonwealth ex rel. Michael R. v. Robert R. R.,* 293 Pa.Superior Ct. 18, 437 A.2d 969 (1981). (Opinion by Spaeth, J., joined by Cavanaugh, J.) (Concurring Opinion by Cercone, President Judge). Unfortunately, the record before us is inadequate to make that comprehensive review in order to determine what is the best interests of Joann and Pauline. Appellant, who has remarried since his divorce from the girls' mother and now has three step-children and a son born of his second wife, testified as to his current fitness as a parent, the humble but adequate nature of his dwelling-house, his plans for the future and his desire to regain custody of the girls. In its half of the case Child Welfare Services presented several witnesses, including some of the case-workers who had observed appellant with his children and a home visitor. The import of their testimony was that appellant's home was less than adequate even for its current residents, that his step-children and young son were often absent from school and may have been sickly, and that his plans were not entirely realistic in view of appellant's poor health and the family's financial condition. The record does contain some testimony concerning the girls' care in their foster homes and their progress in school. This is scant at best, however. And although the court conducted an *in camera* session with the two girls, that testimony concentrated on their hopes and desires, and left essentially untouched the care they received in Union County's custody. Entirely lacking from the record is testimony by the foster parents, or testimony concerning the quality of the girls' home-life. We cannot fault the lower court's opinion for any lack of thoroughness, for it articulated its reasons for denying appellant's petition with care and attention to detail based on the evidence before it. However, the fact remains that the record is not thorough enough to permit a comprehensive review and determination of the best interests of these children. We are left with the uncomfortable feeling of having seen but half the picture. Since we are unable to

make that determination we must vacate the court's order and remand the case for further proceedings below. See *Ray v. Ray, supra; Beichner v. Beichner, supra; Commonwealth ex rel. Michael R. v. Robert R. R., supra.*

Order vacated and case remanded for proceedings below not herewith inconsistent. Jurisdiction relinquished.

WIEAND, J., filed a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. In my judgment the trial court was in possession of ample facts to make a custody determination. Moreover, the reasons for continuing custody of appellant's dependent daughters in the Union County Child Welfare Services were not only convincing but compelling. Those reasons have been set forth in the comprehensive opinion of the trial court, and no good purpose would be served by repeating them here. Suffice it to say that appellant's circumstances are such that he is unable physically or financially to provide adequate care for his daughters. I would affirm the order denying his petition to resume custody.