469 A.2d 1128

**Debora Jean CADY**

v.

**Bonnie Lou WEBER and Albert T. Weber, Appellants.**

Superior Court of Pennsylvania.

Argued June 8, 1983.

Filed Dec. 23, 1983.

Robert F. Hawk, Assistant District Attorney, Butler, for appellants.

Marilyn Horan-Reeder, Butler, for appellee.

Before CERCONE, President Judge, and SPAETH and HESTER, JJ.

HESTER, Judge:

This case is again before us following a remand for the filing of a more comprehensive opinion by the lower court.[1] On October 20, 1983, the hearing judge filed an amended twelve-page opinion awarding custody of the two minor children, who are the subject of this appeal, to appellee. We now conclude that the decision of the lower court to return custody of the children to their natural mother was not error and we affirm.

Appellee initiated this action in order to obtain custody of her two children who had been living with her parents since

---

1. See *Cady v. Weber,* 317 Pa.Super. 481, 464 A.2d 423 (1983), for a detailed discussion of the underlying facts.

July 6, 1978. On April 7, 1982, the hearing judge granted custody to appellee. However, appellants filed an appeal arguing that the opinion of the lower court lacked a sufficient analysis of the record to support a custody award. We agreed and directed the lower court to prepare a more comprehensive opinion citing specific reasons for its ultimate decision. Moreover, we recommended that the opinion include a "discussion of the character and fitness of the parties, their respective homes, and their abilities to provide for the children, both emotionally and financially." *Cady v. Weber, supra,* 317 Pa.Superior Ct. at 489, 464 A.2d at 427.

The trial court's amended opinion has provided us with the proper foundation to permit the exercise of our appellate function. The parties and their respective abilities to care for the children were discussed in detail. Appellee was characterized as a mature woman who was now capable of discharging her responsibilities as a wife and mother. She and her husband have established a home life suitable for the children and have the financial means to properly care for them. The social workers and psychologists who were involved in this case uniformly agreed that no reason existed which would prevent the children from being returned to their mother.

The trial judge weighed the above factors against the environment provided by appellants. Although deserving of credit for their devotion to and their care of the children to date, the grandparents could not be endorsed by the lower court for continuing as custodians. The grandmother suffered from physical problems, including a handicapped arm and pinched nerves in her neck, and her condition restricted her movement to a great extent. More importantly, the trial judge characterized the grandmother as manipulative in her efforts to retain custody of the children, and cited numerous instances where she attempted to establish her own fitness as custodian by unwarranted attacks upon appellee and her husband. The lower court viewed this attitude as inapposite to any custodial arrangement necessitating the cooperation of both parties.

On the contrary, the hearing judge was favorably impressed by the fact that appellee exhibited a mature awareness of her mother's attachment to the children and an appreciation for the attention and love which the children received while in her care. This assessment of appellee was supported by the report of the Nevada State Welfare Division, which observed that the mother would provide a positive nurturing environment for these children.

The trial judge evaluated the demeanor and credibility of the witnesses, the ability of the parties to provide for the children, and the environments each party could offer. He also correctly considered the policy preferred by this Court of uniting siblings in one household whenever feasible. *Commonwealth ex rel. Albright v. Fetters*, 491 Pa. 320, 421 A.2d 157 (1980); *In Re Custody of Myers*, 242 Pa.Super. 225, 363 A.2d 1242 (1976). Finally, as seen above, the lower court opinion contained a thorough discussion of the evidence and stated the reasoning of the trial judge in returning the children to their natural mother. For the aforesaid reasons, the opinion provided us with adequate assurance that the vital facts of this case were carefully explored and weighed, thus enabling us to review this determination of custody. *Ray v. Ray*, 293 Pa.Super. 216, 438 A.2d 614 (1981); *Commonwealth ex rel. Oxenreider v. Oxenreider*, 290 Pa.Super. 63, 434 A.2d 130 (1981); *Commonwealth in Interest of Roles*, 282 Pa.Super. 360, 422 A.2d 1157 (1980).

Having done so, we are convinced that the conclusions of the lower court are based upon competent evidence and that the decision to award custody to appellee is mandated by the facts at bar. The best interests of the children warrant their return to their natural mother, who is fully capable of nurturing them and providing a loving home where they will be united with their half-siblings as one family.

Order affirmed.

SPAETH, J., concurs in the result.