675 A.2d 722

**Cynthia VINESKI**

v.

**Joseph VINESKI, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1996.

Filed April 23, 1996.

184

Joseph Vineski, Troy, in propria personna.

Before McEWEN, President Judge, and SAYLOR, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a September 15, 1994 order [1] approving appellee Cynthia Vineski's petition for relocation. Appel-

1. Our docket reflects that appellant originally filed two separate appeals: 00592 HBG 94 from the trial court order of September 15, 1994, and 00593 HBG 94 from the order of August 11, 1994. On September 22, 1994, appeal 00592 HBG 94 was quashed sua sponte for appellant's failure to file a brief. Appellant also filed a brief with the label 00593 HBG 94 even though he clearly intended to appeal the September 15, 1994 order. In the interest of equity and the consistency of our docket, we quash 00593 HBG 94 from the August 11, 1994 order for appellant's

lant, Joseph Vineski, now raises the following issues for our review:

(1) SHOULD THE COURT HAVE REQUIRED EVIDENCE THAT MOTHER EXPLORED ALTERNATIVE GEOGRAPHICAL AREAS TO MOVE THAT WERE CLOSER TO FATHER THAN KINGSPORT, TENNESSEE?

(2) SHOULD MOTHER HAVE PROVIDED EVIDENCE OF HER PAST INCOME AND WHAT HER FUTURE INCOME WAS EXPECTED TO BE?

(3) WAS [THE] MOVE TO KINGSPORT, TENNESSEE PROPERLY MOTIVATED WHERE MOTHER ADMITTED THAT SHE HAD NEVER BEEN THERE UNTIL TWO WEEKS BEFORE SHE PLANNED TO MOVE?

(4) DID MOTHER DEMONSTRATE A LIKELIHOOD THAT THE MOVE WOULD SUBSTANTIALLY IMPROVE THE QUALITY OF LIFE FOR SHE AND THE CHILDREN?

(5) DID [THE] TRIAL COURT PLACE UNDUE EMPHASIS ON GRANTING MOTHER'S RELIEF BASED ON A MEDICAL CONDITION WHEN THE ALLEGED CONDITION WAS NOT PLEAD [SIC] IN THE ORIGINAL PETITION SEEKING TO MOVE?

Appellant's brief at 4. We affirm.

■ Appellant and appellee were married in 1976 in Bradford County, Pennsylvania, and three children were subsequently born of the marriage. Following the parties' divorce in October 1988, appellee took primary physical custody of the children. On August 24, 1994, appellee filed a petition for special relief, seeking to move to Kingsport, Tennessee with the children, then ages twelve (12), eight (8), and seven (7). On September 14, 1994, a *Plowman* hearing[2] was held, after

failure to file a brief and reinstate 00592 HBG 94 as a proper appeal from the September 15, 1994 order.

**2.** "[W]here either parent files a petition which raises the issue of whether it is in the best interest of the child to move with the custodial parent outside of the jurisdiction, a hearing must be held either before the move, or under exigent circumstances, within a reasonable time

which the court concluded that appellee could relocate to Tennessee with the children, and ordered the parties to work out the details of a new partial custody schedule for appellant. Following a denial of appellant's motion for a stay and supersedeas of the order approving relocation, this timely appeal followed.[3]

■ Appellant now argues that the trial court erred in approving appellee's relocation to Tennessee with the children.

In reviewing a child custody order,

[Our] scope of review ... is of the broadest type; the appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it.... However, the broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination.... Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and, thus, represent a gross abuse of discretion.

*Kaneski v. Kaneski*, 413 Pa.Super. 173, 178, 604 A.2d 1075, 1077 (1992). To justify the relocation of children by the custodial parent,

the custodial parent must demonstrate (1) that the move is likely to significantly improve the quality of life for the parent and the children; (2) that the move is not motivated

thereafter." *Plowman v. Plowman*, 409 Pa.Super. 143, 153, 597 A.2d 701, 706 (1991).

3. We note that this order approving the relocation is appealable as a final order even though the trial court directed the parties themselves to resolve the details of appellant's new visitation schedule. *See Cady v. Weber*, 317 Pa.Super. 481, 487, 464 A.2d 423, 426 (1983) (fact that details of implementation of order remain to be worked out does not vitiate finality of court's custody determination). We also note that the order is appealable although it technically violated the statutory requirement that an order be on a separate page apart from the findings and conclusions of the trial court. Pa.R.A.P. 301(b).

simply by a desire to frustrate the visitation rights of the non-custodial parent or to impede the development of a healthy relationship between the child and the non-custodial parent; and (3) the feasibility of creating substitute visitation arrangements to ensure a continuing, meaningful relationship between the children and the non-custodial parent. *Id.* at 179, 604 A.2d at 1078 (citing *Gruber v. Gruber,* 400 Pa.Super. 174, 583 A.2d 434 (1990)); *see White v. White,* 437 Pa.Super. 446, 451, 650 A.2d 110, 113 (1994). Moreover, "in determining the best interests of the child in the post-divorce situation, the focus must be mainly on the primary custodial family." *Kaneski,* 413 Pa.Super. at 179, 604 A.2d at 1078.[4]

■ In the instant case, the trial court analyzed appellee's reasons for moving to Tennessee, including (1) appellee's desire to leave a weak local economy for one with more growth opportunities; (2) her wish to find a warmer climate which would be easier on her arthritic medical problems; and (3) her desire to find an environment similar to Bradford County for her children with a rural and "small town" character. Trial Court Op. at 2–3. The trial court then concluded that these were "reasonable considerations, the product of serious and prolonged deliberation, and appropriately motivated." Trial Court Op. at 5. Accordingly, we find that the trial court did not err as these reasons are adequately supported in the record.

As for the second and third factors, there was conflicting testimony regarding appellee's desire to frustrate the amount of the children's contact with appellant. However, after conducting a full evidentiary hearing at which appellant, appellee, and the children all testified, the trial court was satisfied with appellee's promise to have the children maintain a relationship with appellant by making them available for long weekends, holidays, and vacations, as well as the children's desire to

---

**4.** New York has recently adopted a similarly broad test for considering a custodial parent's petition for relocation. *See Tropea v. Tropea,* 87 N.Y.2d 727, 642 N.Y.S.2d 575, 665 N.E.2d 145 1996 N.Y. LEXIS 300 (1996) (custodial parent no longer must show "exceptional" circumstances to justify relocation with minor children).

remain with their mother despite the move. Thus, we agree with the trial court that "[t]he move is not being undertaken for the purpose of diminishing contact with the non-custodial parent[,] means are available to adequately foster a significant on-going relationship between the child and the non-custodial parent" and that "the best interests of the child[ren] are consistent with the proposed move...." Trial Court Op. at 4.

Therefore, upon application of our factors originally set forth in *Gruber*, we cannot say that the lower court committed a "gross abuse of discretion" in concluding that appellee's reasons for relocation were reasonable.[5] *Kaneski, supra.* Consequently, the order is affirmed.

Order affirmed.

---

**5.** As we noted in *Plowman, supra,* appellant cannot merely "attempt to relitigate the issues already addressed by the trial court," as "it is inappropriate for the Superior Court to make factual determinations based on conflicting evidence." 409 Pa.Super. at 157 n. 4, 597 A.2d at 708 n. 4. In his five questions presented on appeal, appellant merely attempts to relitigate disputed factual issues resolved adversely to his interests by the trial court.